Signed/Docketed
September 9, 2011

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10-36974 MER |
| LINDA K. HOWARTH ) | |
| ) | Chapter 13 |
| Debtor. ) | |

**ORDER**

This matter comes before the Court on the *Debtor's Motion to Re-Open Case 10-36974 MER, to (Re-)Impose Automatic Stay and to Reconsider Motion Granting Relief to U.S. Bank in Order to Afford Equitable Relief to Debtor* (Docket No. 71) (the "Motion"). Generally, the Motion alleges US Bank has proceeded fraudulently in state court foreclosure proceedings related to the Debtor's real property, and asserts she has not been permitted to obtain discovery in the state court. The Debtor seeks the reimposition of the automatic stay and an order vacating the grant of relief from stay to US Bank. She also seeks to reopen the above-captioned case, although the Court notes that while the case was dismissed on March 4, 2011, it has not yet been closed. For the reasons stated below, the Court finds the Motion must be denied.

**JURISDICTION**

The Court possesses jurisdiction to examine its own record in view of the Motion filed and the relief requested therein. For the reasons stated below, the Court cannot find the issues raised by the Debtor affect the administration of the bankruptcy estate or otherwise fall within the jurisdiction of this Court.

**BACKGROUND FACTS**

Debtor Linda Howarth ("Howarth") filed her voluntary Chapter 13 petition in this case on October 22, 2010. On November 4, 2011, Howarth filed a Chapter 13 plan (Docket No. 14). This plan was not confirmed.

US Bank filed a Motion for Relief from Automatic Stay on December 17, 2010 (Docket No. 41), to which Howarth filed an objection on January 5, 2011 (Docket No. 52). On January 12, 2011, a hearing was held on the Motion for Relief from Stay, and the Court determined the real property which was the subject of the Motion for Relief from Stay was not property of Howarth and did not constitute property of the bankruptcy estate. Accordingly, the Court found the automatic stay did not apply to the proceedings regarding possession of the subject property, and denied the Motion for Relief from Stay as moot (Docket No. 58). On January 28, 2011, the Court entered an Order denying Howarth's request to reconsider that ruling (Docket No. 61).

In the meantime, on January 7, 2011, the Chapter 13 Trustee filed a Motion to Dismiss (Docket No. 53) stating Howarth had failed to make payments under her unconfirmed plan, and setting a meeting time to resolve the Motion to Dismiss for January 24, 2011. In addition, Howarth filed a Request for Extension of Time seeking until March 1, 2011 to file an amended plan (Docket No. 63). The Court entered an order requiring Howarth to file an amended plan by March 15, 2011. However, no amended plan has been filed, either on March 1, 2011 or on March 15, 2011.

On March 4, 2011, the Chapter 13 Trustee filed a Certificate indicating Howarth failed to attend the January 24, 2011 meeting to discuss the Trustee's Motion to Dismiss, failed to cure the missed plan payments, and failed to file a response to Motion to Dismiss (Docket No. 66). A review of the Court's docket confirms no response was ever filed to the Motion to Dismiss. Accordingly, based on the Trustee's Certificate, the case was dismissed on March 4, 2011 (Docket No. 69).

Now Howarth seeks to have a stay imposed with respect to the property that was the subject of US Bank's Motion for Relief from Stay. In addition, although she argues for reopening the case, she appears to seek an order providing relief from the Order dismissing the case.

A party may seek relief from an order or judgment under FED. R. CIV. P. 59(a), made applicable to bankruptcy proceedings under FED. R. BANKR. P. 9023, or FED. R. CIV. P. 60(b), made applicable to bankruptcy proceedings under FED. R. BANKR. P. 9024. Which rule applies depends on the time the motion is filed. If a motion is filed within fourteen days of the entry of judgment, it falls under FED. R. CIV. P. 59(e), and if it is served after that time, it falls under FED. R. CIV. P. 60(b).[1] Because the instant Motion was filed approximately five months after the Order dismissing the case, it constitutes a motion under FED. R. CIV. P. 60(b).

Rule 60(b) provides in pertinent part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[1] *See Figueroa v. American Bankers Ins. Co. of Florida*, 517 F. Supp. 2d 1266, 1270 (D. Colo. 2006) (citations omitted).

>  (4) the judgment is void;
>
>  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>  (6) any other reason that justifies relief.[2]

Relief from judgment under Rule 60(b) falls within the discretion of the Court, but such relief is extraordinary, and should only be granted in exceptional circumstances.[3] The burden of proof on a movant is a high one, because a Rule 60(b) motion is not a substitute for an appeal.[4]

In this case, the Motion contains allegations as to misconduct by US Bank, and allegations as to Howarth's wish to preserve the real property that was the subject of the Court's January 12, 2011 Order. However, Howarth has not demonstrated any grounds for the Court to change its finding that the subject property is not property of the bankruptcy estate. Further, she has not shown the Chapter 13 Trustee's March 4, 2011 Certificate was in any way inaccurate, and has not indicated any basis for the Court to reconsider the Order dismissing the case.

More importantly, since the property involved is not property of the estate, and since the allegations as to the actions of US Bank appear to raise state law issues of fraud or contract, this Court does not have jurisdiction to address the matters raised in the Motion. Under 28 U.S.C. §§ 1334(b)(1) and 157(a), bankruptcy courts are courts of limited jurisdiction, possessing "only the jurisdiction and powers expressly or by necessary implication granted by Congress."[5]

Pursuant to 28 U.S.C. § 157(a) and (b), a bankruptcy court, following referral by a federal district court, may hear: 1) a bankruptcy case created by the filing of a bankruptcy petition; 2) a civil proceeding "arising under" title 11; 3) a civil proceeding "arising in" a case under title 11; and 4) a civil proceeding "related to" a case under title 11. "[C]ore proceedings are defined as those which arise under title 11 or arise in a case under title 11, they 'are proceedings which have no existence outside of bankruptcy.'"[6] "Actions . . . which could

---

[2] FED. R. CIV. P. 60(b), made applicable to bankruptcy proceedings by FED. R. BANKR. P. 9024.

[3] *LaFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003); *Amoco Oil Co. V. United States Department of Environmental Protection*, 231 F.3d 694, 697 (10th Cir. 2000); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

[4] *Davis v. Kansas Dept. of Corrections*, 507 F.3d 1246, 1248 (10th Cir. 2007).

[5] *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1517 (10th Cir. 1990) (citations omitted).

[6] *Lucre Management Group v. Schempp Real Estate, LLC (In re Schempp Real Estate*, LLC), 303 B.R. 866, 873 (Bankr. D. Colo. 2003) (quoting *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990)).

proceed in another court are not core proceedings."[7] A "related to" proceeding, which a bankruptcy court may hear and may issue proposed findings, pursuant to 28 U.S.C. § 157(c)(1), is a proceeding in which the outcome could conceivably have any effect on the estate being administered in bankruptcy.[8]

In this case, questions of acts alleged to have been committed by US Bank with respect to property that is not property of the estate, as well as the other issues raised by Howarth, are matters which could be brought in another court and therefore are not core proceedings under 28 U.S.C. § 157(a). Further, such matters do not affect the bankruptcy estate, and are therefore not "related to" matters over which this Court may exercise jurisdiction. Such issues should be raised in a court of general jurisdiction, not a court of limited jurisdiction.[9]

For these reasons,

IT IS ORDERED the Motion to Re-Open Case 10-36974 MER, to (Re-)Impose Automatic Stay and to Reconsider Motion Granting Relief to U.S. Bank in Order to Afford Equitable Relief to Debtor is hereby DENIED.

Dated September 9, 2011

BY THE COURT:

_____
Michael E. Romero
U.S. Bankruptcy Judge

---

[7] *Gardner*, 913 F.2d at 1518.

[8] *Id.*, (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984).

[9] Moreover, even were the fraud and contract issues raised by Howarth found to be core proceedings, under United States Supreme Court's ruling in *Stern v. Marshall*, it is arguable this Court may not address these questions because they are state law issues. *Stern v. Marshall*, ___U.S.___, 131 S.Ct. 2594, 2620 (2011) (holding "The Bankruptcy Court ... lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim."). The Supreme Court noted litigants must receive a determination from a court of general jurisdiction created under Article III of the Constitution, in "any matter which, from its nature, is the subject of a suit at the common law, or in equity, or in admiralty." *Id.*, 131 S.Ct at 2612 (citing *Murray's Lessee v . Hoboken Land & Improvement Co*, 59 U.S. 272, 284 (1856)) (internal quotation marks omitted). However, in light of the conclusion that this Court lacks the jurisdiction to grant the relief on other grounds, this Court need not address the applicability of the *Stern* ruling at this time.